**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION**

| | |
|---|---|
| WESLEY LACHNEY | CIVIL ACTION NO. 25-1808 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| JOHN LEMOINE, ET AL. | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

The plaintiff, Wesley Lachney ("Lachney"), has filed an emergency motion for a temporary restraining order that is in-effect a gag order. Record Document 24. Lachney has requested a gag order because one of the defendants, Elster Smith, has allegedly prepared a press release discussing his decision to terminate Lachney's employment, which resulted in this litigation. *See* Record Document 22-2, at 1-3. Lachney filed his emergency motion for a gag order the day before the anticipated publication of Smith's press release. *Id.* at 2.

The United States Court of Appeals for the Fifth Circuit applies a "substantial likelihood" standard when considering a gag order. *United States v. Brown*, 218 F.3d 415, 427 (5th Cir. 2000). Under this standard, a district court may implement a gag order on parties and lawyers "if it determines that extrajudicial commentary by those individuals would present a substantial likelihood of prejudicing the court's ability to conduct a fair trial." *Id.* This standard applies in civil cases as well as criminal cases. *See Marceaux v. Lafayette City-Parish Consol. Gov't*, 731 F.3d 488, 494 (5th Cir. 2013) (adopting *Brown*, 218 F.3d at 427)).

In this case, Lachney has not made a showing of a substantial likelihood of prejudice. Although Lachney alleged that the press release included claims of false statements, Lachney did not identify specific parts of the two-page press release that were false, how they were false, or articulate how that falsity would prejudice him. Nevertheless, the Court has conducted an independent review of the disputed press release. The release includes generalized statements rather than inflammatory language, confidential details, or otherwise divisive commentary. *Cf. Marceaux v. Lafayette City-Parish Consol. Gov't*, No. 12-1532, 2012 WL 4194521, at *6 (W.D. La. Sept. 19, 2012) ("The website itself contains wholly unprofessional and inappropriate commentary[.]"); *Greene v. DeMoss*, No. 20-578, 2021 WL 3609300, at *8 (W.D. La. Aug. 13, 2021) ("Many of the extrajudicial statements are racially divisive and promote violence."). Importantly, with this ruling, the Court finds *only* that the proposed release is insufficient to show a substantial likelihood of prejudice and does not otherwise enter a finding on the appropriateness of the press release. The Plaintiff's motion is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 21st day of April, 2026.

_____
**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**